## SAMUEL PARKER *vs.* THADDEUS JONES.

The act of a field driver is not necessarily unlawful, although in taking an animal to the pound he drives it first upon the owner's premises.
The owner of land adjoining a highway, and who owns to the centre thereof, may depasture his land in the highway; but he is bound, like all other persons, to prevent his cattle from going at large therein, without being under the care of a keeper.

REPLEVIN of a cow, impounded by a field driver, as going at large. At the trial in the superior court the plaintiff asked the court to instruct the jury, that if the cow was grazing by the

side of the road, and adjoining the inclosed premises and dwelling of the plaintiff, and near to his shop, she was not "going at large without a keeper," within the language and meaning of the statute; and that if the defendant drove the cow to the plaintiff's shop and on to his premises, outside of the highway and then took her from there, the taking was unlawful.

But *Rockwell*, J., declined to give the instructions prayed for, and instructed the jury as follows: "If you find that the defendant, a field driver, took the cow in the first instance when she was forty rods from the plaintiff's house, going at large in the public highway, and not under the care of a keeper, and directly drove her to the pound by the public highway, without her leaving the highway except as she went out of it against his will, and he immediately drove her into the road again on such occasions, then he is not liable in this action, although the place where he found and took her was in front of the plaintiff's land, in the highway, and on the side of the highway next his inclosed land. But if you find that after taking up the cow the first time, about forty rods northerly from the plaintiff's house and shop, the defendant drove her to a place near the plaintiff's shop and on to the plaintiff's land, the cow being then feeding within sight of the plaintiff, so near that the plaintiff could practically exercise control over her, and the defendant, leaving the cow in that situation, commenced a conversation with the plaintiff, in which he gave the cow up to the plaintiff's care, but that the defendant became excited in the conversation, and then went and took the cow from the place where she was feeding, on the land, within sight and under the practical control of the plaintiff, and took her anew and drove her to the pound, you will be authorized to find a verdict for the plaintiff."

The verdict was for the defendant, and the plaintiff alleged exceptions.

*W. P. Webster*, for the plaintiff.

*J. C. Kimball*, for the defendant, was not called upon.

METCALF, J. The first instruction for which the plaintiff asked assumed as law that the mere fact that a cow is grazing on the roadside, adjoining her owner's inclosed land and dwell-

ing-house and near his shop, is proof that she is not going at large without a keeper. Such is not the law; and the instruction was properly refused. The question was, whether the cow was in fact at large, and not actually under the efficient care of a keeper. If she was, it was the right and duty of the defend· ant, as field driver, to take her up and place her in a public pound. *Bruce* v. *White*, 4 Gray, 347.

The second instruction asked for by the plaintiff was also rightly refused, because it assumed what is not law, namely, that if a field driver, in taking an animal to the pound, drives it upon the owner's premises and thence to the pound, the impounding is therefore necessarily unlawful. The second instruction given to the jury so modified the second instruction prayed for as to give to the plaintiff all the benefit to which he was by law entitled under his prayer.

The first instruction given to the jury was clearly right. The only objection made to it by the plaintiff's counsel is, that the judge did not state to the jury what was a going at large and not under the care of a keeper. It is a sufficient answer to this objection, that the judge was not requested so to do. The instruction being right, the verdict must be taken to have found the facts to have been such as warranted a finding for the defendant under that instruction.

The exceptions state that at the trial there was evidence which is not reported. We must therefore presume that the instructions, of part of which we could not otherwise see the pertinency, were adapted to the evidence that was introduced, though not presented for our consideration. *Parmenter* v. *Coburn*, 6 Gray, 510.

The owner of land adjoining a highway, and who owns to the centre thereof, doubtless has a right to depasture his land in the highway; but he cannot, in virtue of this right, be exempted from the duty of preventing his cattle from going at large thereon without the care of a keeper, but is bound by the same law (Gen Sts. *c.* 25, § 21) which is applicable to others.

*Exceptions overruled.*